IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Edward Goldwater, | ) | No. CIV 05-1948-PHX-SMM (DKD) |
| Petitioner, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| vs. | ) | |
| Judy Frigo; Arizona Attorney General, | ) | |
| Respondents. | ) | |

TO THE HONORABLE STEPHEN M. MCNAMEE, U.S. DISTRICT JUDGE:

On June 29, 2005, Edward Goldwater filed a petition for writ of habeas corpus, and on October 3, 2005, an amended petition for writ of habeas corpus. In his amended petition, he challenges his convictions following guilty pleas in Maricopa County Superior Court in CR99-007007[1] for Attempted Fraudulent Schemes and in CR99-011600 for Manslaughter. In his amended petition, he raises six grounds for habeas relief. Because the Court finds that any habeas relief sought from either conviction is time-barred, it recommends that the petition be denied and dismissed with prejudice. In the interests of efficiency and judicial economy, the Court will examine each criminal cause number separately.

---

[1] Because both of Goldwater's previous habeas petitions filed in this criminal cause number were dismissed without prejudice, and the Court did not decide the merits of the claims, neither petition is considered an initial petition for purposes of 28 U.S.C. §2244(b)(3)(A).

**CR99-007007**

On May 18, 1999, Goldwater pleaded guilty to Attempted Fraudulent Schemes; on July 13, 1999, the sentence was suspended, and the superior court imposed a five-year probationary term. On August 20, 1999, Goldwater filed a Notice of Post-Conviction Relief; on May 1, 2000, he filed a Petition for Post-Conviction Relief. On July 13, 2000, the superior court summarily dismissed his petition. On August 23, 2000, Goldwater filed a request for rehearing. Pursuant to the state court of appeals' Order of June 6, 2001, the superior court conducted an evidentiary hearing on September 21, 2001, to allow Goldwater to explain why his petition for review was not timely filed with the court of appeals. On October 3, 2001, the superior court denied his request to be allowed to file a delayed petition for review, because it was "unable to find that Defendant was not at fault for the untimely filing of his petition for review."[2]

Goldwater was required to file his federal petition within 1 year of the date the judgments of conviction became final in state court. *See* 28 U.S.C. § 2244(d). His conviction became final on July 13, 1999, upon the superior court's acceptance of his guilty plea, and the imposition of a probationary term. Therefore, the one-year period of limitations began to run on July 14, 1999. However, "the time during which a properly filed application for post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation." *See* § 2244(d)(2). Therefore, the limitations period was tolled 37 days later, on August 20, 1999, when he filed his Notice of Post-Conviction Relief. *See Isley v. Department of Corrections*, 383 F.3d 1054, 1055 (9th Cir. 2004). On July 13, 2000, once the trial court dismissed his post-conviction petition, the period of limitations began to run again. Taking into account the 37 days that

---

[2]On March 20, 2002, the superior court revoked his probation because of the conviction in CR99-011600, and imposed a term of 7 years' imprisonment. In this petition, Goldwater is not challenging the revocation of his probation, but the underlying conviction for Attempted Fraudulent Schemes.

had already lapsed, his federal habeas petition was required to be filed by June 7, 2001.[3] This petition, filed June 29, 2005, was *four years* after the period of limitations had lapsed, and is therefore untimely. Goldwater is not entitled to any statutory tolling for the period of time during which his request for rehearing was pending because it was ultimately determined to be untimely. *See Pace v. DiGiguglielmo*, 544 U.S. 408 (2005). In addition, Goldwater is not entitled to equitable tolling. He has not shown extraordinary circumstances beyond his control which made it impossible for him to timely file. *Id.*

**CR99-011600**

On February 13, 2002, Goldwater pleaded guilty to manslaughter; on March 18, 2002, the superior court sentenced Goldwater to a 16-year prison term. On that same date, Goldwater filed a Notice of Post-Conviction Relief and Petition for Post-Conviction Relief; on October 7, 2002, the petition was denied. On December 18, 2002, Goldwater filed a petition for review with the state court of appeals. On January 31, 2002, the court of appeals dismissed the petition for review as untimely.

Goldwater was required to file his federal petition within 1 year of the date the judgment of conviction became final in state court. *See* 28 U.S.C. § 2244(d). His conviction became final on March 18, 2002, upon the superior court's acceptance of his guilty plea, and the imposition of a 16-year prison term. Therefore, the one-year period of limitations began to run on March 19, 2002. However, "the time during which a properly filed application for post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation." § 2244(d)(2). Because he filed his Notice of Post-Conviction Relief and Petition on that same date, the period of limitations did not begin to run. *Isley v. Department of Corrections*. On October 7, 2002, once the trial court dismissed his post-conviction petition, the period of limitations began to

---

[3] His first habeas petition relating to this criminal cause number was filed on October 26, 2001, also well past the one-year limitations period. *See Goldwater v. Arpaio*, CIV 01-1092-PHX-SMM (DKD).

- 3 -

run again. His federal habeas petition was required to be filed by October 7, 2003. This petition, filed June 29, 2005, was *three* years after the limitations period had lapsed, and is therefore untimely. Goldwater is not entitled to any statutory tolling for the period of time during which his petition for review was pending because it was ultimately determined to be untimely. *Pace v. DiGiguglielmo*. In addition, Goldwater is not entitled to equitable tolling. He has not shown extraordinary circumstances beyond his control which made it impossible for him to timely file. *Id.*

**IT IS THEREFORE RECOMMENDED** that Edward Goldwater's Amended Petition for Writ of Habeas Corpus be **DENIED** and **DISMISSED WITH PREJUDICE** (Doc. #8).

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See*, 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(e), Federal Rules of Civil Procedure. Thereafter, the parties have ten days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Rule 72, Federal Rules of Civil Procedure.

DATED this 25th day of January, 2007.

_____
David K. Duncan
United States Magistrate Judge

- 4 -