1  **WO**

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                        FOR THE DISTRICT OF ARIZONA

8

9  Edward Goldwater,                    )    No. CV-05-1948-PHX-SMM (DKD)
                                        )
10              Petitioner,             )
                                        )    **ORDER**
11     v.                               )
                                        )
12                                      )
   Judy Frigo; Arizona Attorney General,)
13                                      )
                Respondents.            )
14 _____ )

15         Pending before the Court is Petitioner Edward Goldwater's Amended Petition for Writ

16 of Habeas Corpus (the "Petition"), filed pursuant to 28 U.S.C. § 2254.  (Dkt. 8.)  Petitioner

17 challenges two separate convictions following guilty pleas: (1) attempted Fraudulent Schemes,

18 Maricopa County Superior Court No. CR99-007007 ("CR99-007007"); and (2) Manslaughter,

19 Maricopa Superior Court No. CR99-011600 ("CR99-011600").

20         On June 29, 2005, the matter was referred to Magistrate Judge David K. Duncan for a

21 Report and Recommendation.  (Dkt. 2.)  After reviewing the filings in this matter, the

22 Magistrate Judge recommended that the Petition be denied and dismissed with prejudice on the

23 ground that the writ is barred by the statute of limitations governing the filing of petitions under

24 28 U.S.C. § 2254.  (Dkt. 34.)  Petitioner has filed Objections to Judge Duncan's Report and

25 Recommendation.  (Dkt. 35)  After considering Judge Duncan's Report and Recommendation

26 and Petitioner's Objections thereto, the Court now issues the following ruling.

27

28

**STANDARD OF REVIEW**

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate."  28 U.S.C. § 636(b)(1)(C); see also Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991).  The Court must review the legal analysis in the Report and Recommendation *de novo*.  See 28 U.S.C. § 636(b)(1)(C).  The Court must review the factual analysis in the Report and Recommendation *de novo* for those facts to which Objections are filed and for clear error for those facts to which no Objections are filed.  See id.; see also Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998) (failure to file objections relieves the district court of conducting *de novo* review of the magistrate's factual findings).

**DISCUSSION**

Petitioner objects to the January 25, 2007 Report and Recommendation filed by Judge Duncan, stating it "is in error," and asks this Court, instead, to find for him.  (Dkt. 35.) Having reviewed each of Petitioner's filings and, thereafter, having reviewed the Magistrate Judge's Report and Recommendation and the record *de novo*, the Court finds that Petitioner's claims for relief are barred by the statute of limitations and none of his Objections are meritorious.

With a few exceptions (addressed infra at 5), Petitioner raises essentially the same issues in his Objections as those raised initially in his Petition and his Reply to Respondents' Answer.  (Dkts. 8, 24, 35.)  Although the Magistrate Judge correctly rejected Petitioner's arguments based on the statute of limitations and then-existing Ninth Circuit jurisprudence, a recent decision by the Ninth Circuit Court of Appeals requires this Court to recalculate the statute of limitations applicable to each of Petitioner's judgments of conviction.  After the Magistrate Judge's Report and Recommendation was filed, the Ninth Circuit issued a decision holding that "Arizona's Rule 32 of-right proceeding for plea-convicted defendants is a form of direct review within the meaning of 28 U.S.C. § 2244(d)(1)(A)."  Summers v. Schriro, No. 05-16650, slip op. 2959, 2973 (9th Cir. March 13, 2007).  Because Petitioner pled guilty in Arizona Superior Court and availed himself of the right to seek review in an "of-right proceeding" under Ariz.R.Crim.P. 32, Summers requires this Court to determine

anew whether Petitioner's claims for relief are barred by the statute of limitations.  For clarity, the Court examines each of Petitioner's criminal cases separately.

**I.      Determination of Statute of Limitations**

**A.      Case Number CR99-007007**

Prior to the enactment of the Antiterrorism and Effective Death Penalty Act (the "AEDPA"), there was effectively no limit on the time during which a state defendant could file a federal petition for a writ of habeas corpus.  Under the AEDPA, however, state defendants must file federal habeas corpus petitions within one year of the date his or her state conviction becomes final. 28 U.S.C. § 2244(d)(1).  Under <u>Summers</u>, "Arizona's Rule 32 of-right proceeding for plea-convicted defendants is a form of direct review within the meaning of 28 U.S.C. § 2244(d)(1)(A)."  <u>Summers</u>, slip op. at 2973.  Therefore, for plea-convicted defendants who avail themselves of Rule 32, the statute of limitations does not begin to run "until the conclusion of [a defendant's] Rule 32 of-right proceeding and review of that proceeding, or until the expiration of the time for seeking such proceeding or review."  <u>Id.</u> at 2962-63.

In the present case, on May 18, 1999, Petitioner pleaded guilty to attempted Fraudulent Schemes.  (Dkt. 22, Ex. A at 4-6, 25.)  Petitioner was sentenced to a five-year probationary term on July 13, 1999.  (<u>Id.</u> at 29.)  On August 20, 1999, Petitioner filed a timely Notice of Post-Conviction Relief ("PCR"), followed by a petition for PCR filed on May 1, 2000.  (<u>Id.</u> at 33, 55.)  On July 13, 2000, the superior court summarily dismissed Petitioner's PCR petition.  (<u>Id.</u> at 83.)  On August 23, 2000, Petitioner filed an untimely request for rehearing with the superior court, which was denied on October 3, 2000.  (<u>Id.</u> at 94-95, 101.)  On December 1, 2000, Petitioner filed an untimely petition for review with the Arizona Court of Appeal.  (<u>Id.</u>, Ex. E at 1.)  On June 6, 2001, the Court of Appeal ordered the superior court to conduct an evidentiary hearing to determine whether Petitioner was "without fault" for filing an untimely petition for review.  (<u>Id.</u>)  On October 3, 2001, the superior court denied Petitioner's request to file a delayed petition for review because it was unable to find that Petitioner was not at fault for the untimely filing of his petition for

1    review.[1]  See Dkt. 35, Ex. 1 at 10, #132; Maricopa Sup. Ct., CR1999-007007, 10/3/2001
2    Minute Entry.

3          Because Petitioner's petition for review was determined to be untimely, the statute of
4    limitations for claims arising out of CR99-007007 began to run on **August 14, 2000**, 30 days
5    after the superior court denied Petitioner's PCR petition (see dkt. 22, ex. A at 83).
6    Summers, slip op. at 2973 (the statute of limitations does not begin to run "until the
7    conclusion of [a petitioner's] Rule 32 of-right proceeding and review of that proceeding, or
8    until the expiration of the time for seeking such proceeding or review"); Ariz.R.Crim.P.
9    32.9(c) (petition for review must be filed within 30 days after final decision of trial court on
10   petition for PCR).  The statute of limitations did not begin to run on November 3, 2000 (i.e.,
11   30 days after Petitioner's motion for rehearing was denied), because Petitioner's motion for
12   rehearing was untimely (see dkt. 22, ex. A at 101).  See Pace v. DiGuglielmo, 544 U.S.
13   408, 413 (2005) ("a petition filed after a time limit, and which does not fit within any
14   exceptions to that limit," is not "properly filed"); Ariz.R.Crim.P. 32.9(a) (motions for
15   rehearing must be filed within fifteen days after the ruling of the court).  Petitioner filed his
16   federal Petition on June 29, 2005, nearly four years after the period of limitations (**August
17   14, 2001**) had lapsed.  See Dkts. 1, 8.  To the extent the instant Petition raises claims arising
18   out of CR99-007007, therefore, it is barred by the one-year statute of limitations.

19   **B.    Case Number CR99-011600**

20         On February 13, 2002, Petitioner pleaded guilty to manslaughter.  See Dkt. 22, Ex.
21   AA at 158-59.  On March 18, 2002, the superior court sentenced Petitioner to a 16-year term
22   of imprisonment.  See id. at 162.  The same date he was sentenced, Petitioner filed a Notice
23   of PCR and a PCR petition.  Id. at 160, 163, 166.  On October 7, 2002, the superior court
24   denied the PCR Petition.  Id. at 216.  On December 18, 2002, Petitioner filed an untimely

25

26         [1] On March 20, 2002, the superior court revoked Petitioner's probation in CR99-007007
27   because of his conviction in CR99-011600, and imposed a term of seven years imprisonment.  See Dkt.
     22, Ex. A at 153, 155.  In the instant federal Petition, Petitioner challenges only his underlying
28   conviction for attempted Fraudulent Schemes, not the revocation of his probation.  See Dkt. 8.

1  petition for review with the Arizona Court of Appeal.  <u>See</u> Dkt. 22, Ex. BB at 1.  The Court

2  of Appeal dismissed the petition for review as untimely on January 31, 2002.  (<u>Id.</u>)

3          Under the AEDPA, Petitioner was required to file his federal petition within one year

4  of the date his judgment of conviction in CR99-011600 became final in state court.  28

5  U.S.C. § 2244(d).  Under <u>Summers</u>, the statute of limitations began to run on **November 7,**

6  **2002**, thirty days after the superior court denied Petitioner's PCR petition (<u>see</u> dkt. 22, Ex.

7  AA at 216).  <u>Summers</u>, slip op. at 2973 (the statute of limitations does not begin to run "until

8  the conclusion of [a petitioner's] Rule 32 of-right proceeding and review of that proceeding,

9  or until the expiration of the time for seeking such proceeding or review").  The statute of

10  limitations did *not* begin to run on January 31, 2003, because Petitioner's petition for review

11  was untimely (<u>see</u> dkt. 22, ex. BB at 1).  The time to file a petition for review expired on

12  November 6, 2002, thirty days after the superior court denied Petitioner's PCR petition.  <u>See</u>

13  <u>Summers</u>, slip op. at 2973 (the statute of limitations does not begin to run "until the

14  expiration of the time for seeking such proceeding or review"); Ariz.R.Crim.P. 32.9(c)

15  (petition for review must be filed within 30 days after final decision of trial court on petition

16  for PCR).  Petitioner filed his federal Petition on June 29, 2005, nearly two years after the

17  period of limitations had lapsed (**November 7, 2003**).  <u>See</u> Dkts. 1, 8.  To the extent the

18  instant Petition raises claims arising out of CR99-011600, therefore, it is barred by the

19  one-year statute of limitations.

20  **II.**    **Analysis of Petitioner's Objections**

21  **A.**    **Start of Limitations Period in CR99-007007**

22          Petitioner argues that claims in his Petition arising out of CR99-007007 are timely

23  because he included both case numbers (CR99-011600 and CR99-007007) in the captions of

24  his Notice of PCR and PCR petition filed on March 18, 2002, the date he was sentenced to a

25  16-year prison term in CR99-011600.  (Dkt. 35 at 1-2.)   Thus, he argues, the "time

26  requirement for CR99-007007 and CR99-011600 <u>does not</u> commence until 3-18-02."  (<u>Id.</u>)

27  That Petitioner included both case numbers in his March 18, 2002 PCR notice and petition

28

1   does not alter this Court's conclusion that Petitioner's federal habeas petition for claims

2   arising out of CR99-007007 was required to be filed by August 14, 2001.[2]  See supra at 3-4.

3       Petitioner was required to file his federal habeas petition for claims arising out of

4   CR99-007007 within one year of the date that judgment became final in state court.  See 28

5   U.S.C. § 2244(d)(1)(A).  Petitioner's judgment of conviction in CR99-007007 became final

6   on August 13, 2000, when the time for him to file a petition for review with the Arizona

7   Court of Appeal expired, see dkt. 22, ex. A at 83.  Summers, slip op. at 2973 (the statute of

8   limitations does not begin to run "until the conclusion of [a petitioner's] Rule 32 of-right

9   proceeding and review of that proceeding, or until the expiration of the time for seeking such

10  proceeding or review").  Thus, the statute of limitations applicable to Petitioner's federal

11  petition for claims arising out of CR99-007007 began to run on August 14, 2000, *not on*

12  *March 18, 2002.*  See Patterson v. Stewart, 251 F.3d 1243, 1245-46 (9th Cir. 2001) (the

13  limitations period begins to run on the day after "the event").

14  **B.      Petitioner is Not Entitled to Equitable Tolling**

15      In his Objections, Petitioner argues that he is entitled to equitable tolling for two

16  reasons that he describes as "beyond his control":  (i) he was "legally, medically and

17  mentally disabled" and (ii) the prison in which he was housed conducted a "shakedown

18  (search) and seized all of [his] legal boxes" in May 2002, half of which were not returned

19  until June 2006.  See dkt. 35 at 3-6, Exs. 3-7.  Assuming, *arguendo*, that equitable tolling is

20  applicable to the AEDPA's statute of limitations, see Pace, 544 U.S. at 418 n.8, the Court

21  finds that Petitioner has not presented a sufficient basis for equitable tolling.

22      A litigant seeking equitable tolling must establish: (1) that he has been pursuing his

23  rights diligently and (2) that some extraordinary circumstance stood in his way.  Pace, 544

24  U.S. at 418.  In order for equitable tolling to apply, the "extraordinary circumstance" must be

25  beyond the prisoner's control and make it impossible to file a petition on time.  Frye v.

26

27  _____

28      [2] This argument does not impact this Court's conclusion that Petitioner's federal habeas petition
    for claims arising out of CR99-011600 was required to be filed by November 7, 2003.  Supra at 4-5.

1   <u>Hickman</u>, 273 F.3d 1144, 1146 (9th Cir. 2001).  Equitable tolling may be appropriate

2   "'[w]hen external forces, rather than a petitioner's lack of diligence, account for the failure to

3   file a timely claim.'"  <u>Lott v. Mueller</u>, 304 F.3d 918, 922 (9th Cir. 2002) (citation omitted).

4   The petitioner "must show that the 'extraordinary circumstances' were the but-for and

5   proximate cause of his untimeliness."  <u>Allen v. Lewis</u>, 255 F.3d 798, 801 (9th Cir. 2001) (per

6   curiam), <u>reversed on other grounds upon rehearing en banc</u>, 295 F.3d 1046 (9th Cir. 2002).

7   The petitioner "bears the burden of showing that equitable tolling is appropriate."

8   <u>Espinoza-Matthews v. California</u>, 432 F.3d 1021, 1026 (9th Cir. 2005).

9           **a.       Legal, Medical and Mental Disability**

10          Petitioner's assertion that he is entitled to equitable tolling because he was

11  "legally, medically and mentally disabled" is not persuasive.  As noted above, the statute of

12  limitations for a federal habeas petition regarding claims arising out of CR99-007007 expired

13  on August 14, 2001, and the limitations period for claims arising out of CR99-011600

14  expired on November 7, 2003.  <u>Supra</u> at 3-4.  Petitioner claims that he was incapable of

15  timely filing a federal habeas petition because he was "insane at the time of [his] arrest."  <u>See</u>

16  dkt. 35 at 2.  Although Petitioner fails to specify the date of the arrest to which he refers, the

17  record demonstrates that he was mentally capable of preparing and filing *state court petitions*

18  between August 14, 2001 and November 7, 2003, and thus the Court finds he was also

19  mentally capable of preparing and filing *federal habeas petitions* on those dates.

20          With respect to CR99-007007, Petitioner filed the following documents in state

21  court: a *pro se* Notice of PCR on August 20, 1999; a *pro se* Petition for PCR on May 1, 2000;

22  and a *pro se* request for rehearing on August 23, 2000.  In addition, he filed his first *pro se*

23  federal habeas petition for claims arising out of CR99-007007 two months after the statute of

24  limitations expired, on October 26, 2001.  <u>See</u> Dkt. 22, Ex. A at 33, 55, 94; <u>Goldwater v.</u>

25  <u>Arpaio</u>, CIV 01-2092-PHX-SMM.  With respect to CR99-011600, Petitioner filed the

26  following documents in state court:  his first *pro se* Notice and Petition for PCR on March

27  19, 2002; a petition for review on December 18, 2002; his second *pro se* PCR notice and

28  Petition on June 19, 2003; a petition for review on August 15, 2003; a third *pro se* PCR

1    Notice on December 12, 2003; and a petition for review on January 23, 2004.  See Dkt. 22,

2    Ex. AA at 163, 166, 252, 262, 272; Ex. BB at 4; Ex. EE at 1, 2.  The record demonstrates that

3    Petitioner was medically and mentally capable of preparing and filing state court petitions, a

4    federal petition, and other pleadings from August 20, 1999 through and including January 23,

5    2004.  See id.  Petitioner does not allege that his mental condition during the time period he

6    filed such documents was less severe than it was on the dates his federal petitions were due.

7    Indeed, the record would not support any such allegation.  See id.  Because Petitioner was

8    medically and mentally capable of preparing and filing state court petitions and other legal

9    pleadings from August 20, 1999, through and including January 23, 2004, the Court finds

10   that Petitioner was not medically and mentally incapable of preparing and filing federal

11   petitions before the expiration of the statute of limitations on August 14, 2001 (CR99-

12   007007) and November 7, 2003 (CR99-011600).

13            Petitioner has submitted a document showing that, on January 10, 2007, he was

14   diagnosed with chronic schizophrenia and post traumatic stress disorder ("PTSD") (see dkt.

15   35, ex. 7).  Depending on the timing and severity of such mental conditions, they might well

16   amount to an extraordinary circumstance that, in an appropriate case, would warrant

17   equitable tolling.  However, Petitioner has failed to show that any schizophrenia or PTSD

18   symptoms were active during the relevant time periods.  Moreover, although the document

19   submitted provides some evidence that he suffers from schizophrenia and PTSD (dkt. 35, ex.

20   7), Petitioner must also demonstrate a causal relationship between the extraordinary

21   circumstance on which the claim for equitable tolling rests and his late federal filings.  See

22   Allen, 255 F.3d at 801.  As shown above, Petitioner cannot make such a showing because his

23   state and federal court filings demonstrate that he was mentally and medically capable of

24   timely filing federal habeas petitions on August 14, 2001 (CR99-007007) and November 7,

25   2003 (CR99-011600).  See Dkt. 22, Ex. A at 33, 55, 94; Ex. AA at 163, 166, 252, 262, 272;

26   Ex. BB at 4; Ex. EE at 1, 2; Goldwater v. Arpaio, CIV 01-2092-PHX-SMM.  In the face of

27   this evidence, Petitioner's conclusory assertion that mental disorders rendered him "legally,

28   medically and mentally" incapable of filing federal petitions during the same time period he

1   filed numerous state and federal pleadings does not demonstrate a causal relationship

2   between his alleged mental disorders and his failure to timely file federal habeas petitions.[3]

3          **b.    Lost Documents**

4          Petitioner contends equitable tolling applies from May 2002 through June 2006

5   because, during that time period, he did not have access to three of six "legal boxes."[4]  (Dkt.

6   35 at 3.)  According to Petitioner, in May 2002, "[t]he prison conducted a quarterly

7   shakedown (search)" of his cell, during which "[g]uards found a few paperclips in one of [his

8   six legal] boxes."  (Id., Ex. 4.)  Because paperclips may be considered contraband, all six

9   boxes were removed from Petitioner's cell for a more thorough search.  (Id.)  Two weeks

10  later, Petitioner received three boxes back "with a verbal reprimand for paperclips."  (Id.)  He

11  was told that the other three boxes were destroyed because they contained contraband.  (Id.)

12  Petitioner tried "for months to see what happened to [his] legal boxes to no avail."  (Id.)  In

13  June 2006, Petitioner was asked to pick up two of the three boxes he was told had been

14  destroyed.  The third box is "still missing."  The two recovered boxes contain "civil case law,

15  court documents and some criminal case law." (Dkt. 35, Ex. 5)

16         The intentional confiscation of a habeas petitioner's legal papers by a

17  corrections officer shortly before the deadline for filing a federal habeas petition may justify

18  equitable tolling of the limitations period.  See Valverde v. Stinson, 224 F.3d 129, 133 (2d

19

20  _____

21         [3] Petitioner's claim that he is entitled to equitable tolling as a result of his mental disability is
    further belied by his continuous practice as an active litigant before this Court and the state courts,
    beginning in 1999 and continuing through the present date.  See Dkt. 22, Ex. A at 33, 55, 94; Ex. AA
22  at 163, 166, 252, 262, 272; Ex. BB at 4; Ex. EE at 1, 2; Goldwater v. Maricopa County, et al., CIV-00-
    835-PHX-SMM  (civil  rights);  Goldwater  v.  Arpaio,  et  al.,  CIV-00-1093-PHX-SMM  (civil
23  rights);Goldwater v. Velazquez, et al., CIV-01-208-PHX-SMM (civil rights); Goldwater v. Tademy,
    CIV-01-1203-PHX-SMM (civil rights); Goldwater v. Arpaio, CIV-01-2092-PHX-SMM.  There are at
24  least fifteen other cases filed by Petitioner in this Court's docket alone.

25
           [4] As noted above, the statute of limitations for a federal habeas petition regarding claims arising
26  out of CR99-007007 expired on August 14, 2001.  Supra at 3.  Because Petitioner avers that he did not
    lose access to his legal boxes until after the statute of limitations expired for claims arising out of
27  CR99-007007, this argument is relevant only to whether equitable tolling applies to the statute of
    limitations for claims arising out of CR-011600.
28

1   Cir. 2000) ("Intentional [permanent] confiscation of a prisoner's habeas corpus petition and

2   related legal papers by a corrections officer is 'extraordinary' as a matter of law."); see also

3   Lott v. Mueller, 304 F.3d 918, 925 (9th Cir. 2002) (equitable tolling permitted where

4   petitioner was denied access to his files).  However, each of these cases involved *wrongful*

5   *conduct* by state officials.  See Stillman v. LaMarque, 319 F.3d 1199, 1202 (9th Cir. 2003)

6   ("Extraordinary circumstances exist when . . . wrongful conduct prevents a prisoner from

7   filing.") (internal quotation marks omitted).  Moreover, in each case, the wrongful conduct

8   proximately caused the late filing.  Id. at 1203 (equitable tolling permitted because prison

9   officials' misconduct proximately caused the late filing).

10         In the present case, Petitioner's evidence satisfies neither condition.  First,

11  Petitioner does not allege any "wrongful conduct" on the part of prison officials, but instead

12  admits that (i) the court had placed paperclips on some of his documents; (ii) prison officials

13  may, in their discretion, consider paperclips to be contraband; and (iii) contraband is

14  destroyed.  (Dkt. 34, Ex. 4.)  There is no suggestion by Petitioner that his legal boxes were

15  either improperly removed and searched or (supposedly) destroyed for any reason other than

16  in the ordinary course of prison administration.  Similarly, although Petitioner claims that he

17  "tried for months to see what happened to [his] legal boxes to no avail" (dkt. 35, ex. 4), he

18  does not aver that prison officials improperly withheld the three missing boxes.

19         Even assuming, *arguendo*, wrongful conduct on the part of the prison officials,

20  Petitioner has failed to show that any such misconduct proximately caused him to file a late

21  federal petition with respect to claims arising out of CR99-011600.  Notwithstanding that

22  three boxes of Petitioner's legal documents were missing between May 2002 and June 2006,

23  he filed the following documents in state court with respect to CR99-011600:  a *pro se*

24  petition for review of his first Petition for PCR on December 18, 2002; a second *pro se* PCR

25  notice and Petition on June 19, 2003; a *pro se* petition for review on August 15, 2003; a third

26  *pro se* PCR Notice on December 12, 2003; and a *pro se* petition for review on January 23,

27  2004.  See Dkt. 22, Ex. AA at 252, 262, 272; Ex. BB at 4; Ex. EE at 1, 2.   In both his second

28  and third PCR petitions, Petitioner raised the same grounds he alleges in the instant federal

1   Petition:  (i) ineffective assistance of counsel; (ii) the trial court improperly refused to allow

2   DNA evidence and witness testimony from the ex-husband of the victim who admitted he

3   killed her; (iii) perjured testimony was illegally used against him; (iv) new evidence shows

4   that his attorney did not work on the case for nearly three years; and (v) the trial court

5   awarded fraudulent and illegal restitution.  Compare Dkt. 8 at 5-10 With Dkt. 22, Ex.AA at

6   252; 272; Ex. EE at 1.  Moreover, Petitioner filed and amended the instant Petition on June

7   29, 2005 and September 25, 2005 – eleven and nine months *before* two of his three boxes

8   were recovered.  See Dkts. 1, 8 at 11; Dkt. 35, Exs. 4-5.  Given this evidence, Petitioner's

9   bare assertion that he was unable to "fight [his] legal cases" because three boxes of

10  documents were missing between May 2002 and June 2006 fails to demonstrate a causal

11  relationship between the missing boxes and his failure to timely file a federal habeas petition

12  for claims arising out of CR99-011600.

13          Each of Petitioner's arguments for tolling calls for an unprecedented extension

14  of the principles of equitable tolling, which this Court must reject under prevailing Ninth

15  Circuit jurisprudence.  See Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003) ("[e]quitable

16  tolling is justified in few cases," and "the threshold necessary to trigger equitable tolling

17  [under AEDPA] is very high, lest the exceptions swallow the rule") (alteration in original).

18                          **CONCLUSION AND ORDER**

19      For the reasons set forth above,

20      **IT IS HEREBY ORDERED** that, due to the intervening decision of the Ninth Circuit

21  Court of Appeals in Summers v. Schriro, No. 05-16650, slip op. 2959 (9th Cir. March 13,

22  2007), the Court rejects the Magistrate Judge's Report and Recommendation.  (Dkt. 34.)

23      **IT IS FURTHER ORDERED** that, for the reasons set forth above, Petitioner's

24  Petition for Writ of Habeas Corpus is **DENIED** and **DISMISSED WITH PREJUDICE**.

25  (Dkt. 8.)  The Clerk of Court shall terminate this action accordingly.

26  / / /

27  / / /

28  / / /

1          **IT IS FURTHER ORDERED** that the Clerk of the Court shall send a copy of this

2   Order to all parties as well as to Magistrate Judge David K. Duncan.

3          DATED this 20th day of March, 2007.

4

5

6                                        _____

7                                        Stephen M. McNamee
                                         United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28