**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Edward Goldwater, | No. CV 05-1948-PHX-SMM |
| Plaintiff, | **ORDER** |
| vs. | |
| Judy Freigo, State of Arizona Attorney General, | |
| Defendants. | |

Pending before the Court are Plaintiff Edward Goldwater's Motion for Reconsideration (Doc.38), Motion for Contempt of Court Proceedings (Doc. 39), Motion for Summary Judgment (Doc. 41), Motion for Entry of Default (Doc. 42), Motion for Default Judgment (Doc. 43), Motion for Contempt of Court Proceedings (Doc. 44) and Motion for Court Response (Doc. 45).

The Court will begin by addressing Plaintiff's Motion for Reconsideration (Doc.38). Motions for reconsideration should be granted only in rare circumstances. Defenders of Wildlife v. Browner, 909 F. Supp. 1342, 1351 (D.Ariz. 1995). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." School Dist. No. 1J, Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). Such motions should not be used for the purpose of asking a court "'to rethink what the court had already thought through — rightly or

wrongly.'" Defenders of Wildlife, 909 F. Supp. at 1351 (quoting Above the Belt, Inc. v. Mel Bohannon Roofing, Inc., 99 F.R.D. 99, 101 (E.D.Va. 1983)). The Court properly considered the evidence and facts in ruling on the Amended Petition for Writ of Habeas Corpus. Accordingly, Plaintiff's Motion for Reconsideration is **DENIED**.

Strikingly similar to his Motion for Reconsideration is Plaintiff's Motion for Summary Judgment (Doc. 41). Therein, Plaintiff again maintained his innocence on the same grounds as set forth in his petition for Writ of Habeas Corpus. Essentially, the Motion for Summary Judgment is another attempt at requesting reconsideration by the Court of the same issues. Accordingly, the motion is **DENIED**.

As to Plaintiff's Motion for Entry of Default (Doc. 42) and Motion for Default Judgment (Doc. 43), the Court finds that Plaintiff has misinterpreted the applicable law. Defendants have not defaulted, under the law, simply by failing to respond to Plaintiff's Motion for Summary Judgment, which simply restates previously asserted arguments which have been decided by the Court. The Court believes that Plaintiff is confused by the Rules of Civil Procedure. Specifically, the phrase "failure to plead," as it is stated in Fed.R.Civ.P. 55(b)(1), refers to service of process, whereby a party fails to Answer, defend, or otherwise respond to service of process (i.e. once the party has been "served"). Consequently, when a defendant fails to Answer or defend the case, the Clerk of Court must enter the party's default. However, in the present case, the Defendants merely decided not to respond to a dispositive motion. Rule 55(b)(1) is not attributable to responses to dispositive motions. Accordingly, the motions are **DENIED**.

As to Plaintiff's Motion for Contempt of Court Proceedings (Doc. 39), Plaintiff has not established that he is entitled to the relief sought. As to Plaintiff's other Motion for Contempt of Court Proceedings (Doc. 44), the Court is unaware of the relevance of Mr. Yoder or the issuance of a ticket to Mr. Yoder to the present case. Accordingly, the motions are **DENIED**.

As to Plaintiff's Motion for Court Response (Doc. 45), the motion is **DENIED as MOOT**.

DATED this 17th day of December, 2007.

_____
Stephen M. McNamee
United States District Judge

- 3 -